## Heller v. Bush

*Donald G. Scheck, Assistant District Attorney,* for plaintiff.
*John P. Lawler,* for defendant.

THOMSON, *J.*, January 24, 1980—The within matter, a paternity action, is before us on defendant's motions for new trial and in arrest of judgment, which allege evidentiary errors as to two particulars: (1) that we erred in admitting the results of a certain blood test that would not exclude defendant as the father of the child in question, and (2) that we erred in admitting the report of one William J. Antognolie, M.D., which included the said results, as there was no proof that Dr. Antognolie had been "appointed" by the court in accordance with 42 Pa.C.S.A. §6134.

As to the first of these objections, it is our opinion that if there was, indeed, error in admitting these test results into evidence, such error was rendered harmless by the context in which they were read to

the jury. The results included the following statement from Dr. Antognolie:

"Note: From the above findings, the putative father, Steven Bush, cannot be excluded as the father of the child, Jodi Heller. However, failure to exclude in this case does not prove parentage, according to the rules governing the inheritance of blood groupings."

Additionally, after reading the said results, the jury was further informed that the meaning of this was that defendant "could be the father, but he's [Dr. Antognolie] not saying that he is;" respective counsel indicated their satisfaction with this reading of the said results (we must assume, for this purpose, subject to defense counsel's earlier objection to the results' admission). Furthermore, in our jury instructions, accepted without objection by counsel, the jury was informed once again that the results were inconclusive and that the doctor making same could not say that defendant was or was not the father. As we see it, defendant's basic objection is that the test results should not have been admitted, as they prove nothing. We believe that the jury was, in essence, told that on several occasions. Hence, the admission of the results could just as easily have been helpful as harmful to defendant. Therefore, we find no cause for vacating the jury's verdict on this basis.

As to the second objection, that the report in question should not have been admitted, as no proof was offered at trial that the said Dr. Antognolie had been "appointed" by the court within the meaning of 42 Pa.C.S.A. §6134, we note that no formal procedure is spelled out by the said statute for the making of such appointments. It appears from the record that the court had requested that the tests be

made, and that at the suggestion of the court, the Monroe County Probation Office set up the test. Hence, we feel that Dr. Antognolie was "appointed" by the court within the meaning of the said statute and we further note that defense made no objection of this nature at the time of trial.

For reasons of the foregoing, we issue herewith the following

## ORDER

And now, January 24, 1980, defendant's motions for new trial and in arrest of judgment are hereby denied.